United States against Horton is our next case for argument this morning. Mr. Gable. If it pleases the court, I'm from the Southern District of Illinois with the Federal Public Defender's Office there. The question before the court is whether or not the district court's imposition of a 90-year sentence was an abuse of discretion when measured against a reasoned weighing of the 355-3A factors. We are not asking the court to substitute their judgment for the district court judgment, but rather we're attempting to show that the sentence was unreasonable when measured against the factors. While I understand it's going to be very rare for the court to set aside a guideline sentence, there is a requirement that each sentence be measured, and that door is left open if the measurement is incorrect. The reasonableness is incorrect. As we know, the district courts are required to impose a sentence sufficient but not greater than necessary to comply with the goals of sentencing. The seriousness of offense, promote respect for the law, just punishment, adequate deterrence, protect the public, and the need for education and treatment of the defendant. Well, here it seems that the only argument is that as he gets older, his sex drive will decrease and he's less likely to offend. That's part of it, Your Honor, but that's only part for when we're talking about the need to protect society. When we think about Mr. Horton, we find a young man that came from a horrendous background. Well, his background is no worse than many other people with similar backgrounds. The fact that his mother happened to be a prostitute and this type of thing doesn't persuade me too much. He affirmatively sought out and indicated he would continue to seek out people he could convert to the kind of things he wanted to do. Your Honor, we're not arguing that Mr. Horton today is not a pedophile. He is. He's a danger to society today. Decades of punishment and hopefully decades of treatment will leave a different person in front of a court 30 years from now. That is the reason why SVP exists. The question becomes, do we have to give him a 90-year sentence? That'd be 70 years. The arguments you're making sound like arguments for a district judge. What error did the district judge commit? We're arguing that the judge did not fully look at the defendant. He said he had. I understand, Your Honor. So you think we should just assume the district judge wasn't telling the truth about what he considered? No, Your Honor. What we're saying is that Mr. Horton's actions require severe punishment. We understand that. That's what I think your argument boils down to. You just want us to disagree with the way the district judge considered all of these things. And we've been told by the Supreme Court not to do that. Well, Your Honor, I can understand what your view is. But it's our contention that when you look at all the factors in 3553A, the protection of the public… Well, yet the problem is it's not we who are supposed to be looking at them. It's the district judge. That's true, Your Honor. It's the district judge's call. And that's the reason why, when I started off, I said that while it's rare for a guideline sentence to be overturned… It is unheard of in this circuit. We have never said that, in this case, a below-guideline sentence was excessively high as a substantive matter. We've said that sometimes district judges haven't considered all the right arguments, or sometimes they haven't calculated the guidelines correctly. But here, there's no doubt what the guideline leads to. This is a below-guideline sentence. We have never, since Booker, found such a thing substantively impromptu. Your Honor, a 90-year sentence is, in fact, a life sentence. Yeah. Well, but, of course, life was the guideline. And life means different things to a different age person. Yep, it does. We are all serving life sentences. That's correct, Your Honor. The question becomes whether or not this court should vacate and remand, which we're asking for. At this time, Your Honor, I'm going to reserve and let the government argue. Certainly, Mr. Gable. Ms. Summers. Good morning. May it please the court, counsel. I'm Alma Summers. I represent the United States of America as the appellee in this case. And we are asking this court to affirm the 90-year sentence imposed by the district court in this case. As Your Honors have clearly stated, this is a presumptively reasonable case because the guideline calculation that the district court reached without objection from either party was a guideline range of life. And this court has repeatedly held that a guideline range of life effectively renders any prison sentence presumptively reasonable. And the prison sentence, the 90-year sentence imposed by the district court in this case, is not only presumptively reasonable, but it is fully supported by the facts in the record and supported by all the factors under 3553A. Specifically, the gravity of the crimes committed by Mr. Horton, the need to protect the public from future crimes of Mr. Horton, and the mandate to deter others to commit similar crimes. And there's no doubt that the sentencing judge considered the facts and circumstances of this case to be exactly what they are, very serious. Mr. Horton was a martial arts instructor for very young children. He was entrusted with their care. And within less than a year's time, he, in a very calculated and premeditated manner, sexually abused, hands-on sexual abuse of three very young boys of the ages 6, 7, and 10. And he recorded all of his instances of abuse using his iPhone. And he attempted to engage a fourth minor. Some of these children were with Horton for less than a week before he was able to get to them, before he was able to convince them to engage in the activity that he wanted to engage in. And that is because it was very premeditated, calculated, and methodical on the part of Mr. Horton. And as the court has already pointed out, in pronouncing his sentence, the district court emphasized numerous times the seriousness of the offense. He characterized Mr. Horton's offense conduct as off the charts because it was off the charts. The sentencing chart only goes to 43. The offense level for Mr. Horton, based on all of the crimes that he had committed against these four children, put him at 48. So it was literally off the charts. The crimes that Horton committed against these four boys is exactly the type of conduct that Congress had in mind when it imposed the harsh penalties that are mandated for these types of offenses. And it's exactly the type of conduct that the U.S. Sentencing Commission had in mind when it provided for a guideline range of life. This is not a minimum case. This is a maximum case. And in this case, the court didn't even impose the maximum sentence of 180 years. He imposed a sentence of 90 years, and it cannot be said that that sentence is unreasonable. The judge clearly also considered the life history and characteristics of the defendant and all of the arguments advanced by the defense in mitigation. And in doing so, the court concluded that the defendant's life history, albeit rather short at the age of 20, only demonstrated that he was a very dangerous person from whom society needed to be protected. I don't think it's necessary to re-argue the merits. This is the same issue as I raised with Mr. Gable. We are not deciding the merits. We're only deciding whether the district judge committed an error, such as failing to take account of the defense arguments. And, Your Honor, I agree. And so I will not waste the court's time with that. I absolutely think that the record clearly shows that the judge considered all of the arguments made and imposed a sentence that is substantively reasonable, below-guideline sentence, and that we'd ask the court to affirm the sentence imposed by the district court. Thank you, counsel. Anything further, Mr. Gable? Any questions from the panel? I'll finish, John. Thank you very much. The case is taken under advisement.